IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WAYNE DUKE KALBAUGH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-18-0951-C |
| | ) |
| JIMMY MARTIN, Warden, | ) |
| | ) |
| Respondent. | ) |

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on the Report and Recommendation ("R&R") entered by United States Magistrate Judge Suzanne Mitchell on December 20, 2018. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), the matter was referred to the Magistrate Judge, who entered an R&R recommending that Respondent's Motion to Dismiss (Dkt. No. 10) be denied. Also before the Court is Petitioner's Motion for Stay of Proceedings (Dkt. No. 17), as well as his Motion for the Appointment of Counsel (Dkt. No. 15).

First, the Court finds that Petitioner's Motion is deficient, and does not set forth any justification for a stay. As a result, Petitioner's Motion for Stay of Proceedings is denied. Second, the Court finds that Petitioner is not entitled to the appointment of counsel. "There is no constitutional right to appointed counsel in a civil case." Durre v. Dempsey, 869 F.2d 543, 547 (10th Cir. 1989). In determining whether counsel should be appointed, the Court considers "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues

raised by the claims." Williams v. Meese, 926 F.2d 994, 996 (10th Cir. 1991). After consideration of these factors, the Court finds Petitioner is not entitled to appointment of counsel at this time.

Nonetheless, the Court notes that neither party rejected to the R&R. Thus, after a review of the court file and considering all matters de novo, this Court adopts the Report and Recommendation in its entirety. As a result, the Court will grant Petitioner 30 days to either (1) show good cause for why the Court should stay this case while he returns to state court to exhaust his claim, or (2) amend his petition to reflect only exhausted claims. (R&R, Dkt. No. 14 at 10.) If neither is timely filed, Petitioner's petition will be dismissed, as a mixed petition. Petitioner should note that if he elects to show cause for a stay and abeyance, he must (1) explain why he has not exhausted his state court remedies to date; (2) satisfy the Court that his claims have potential merit; and (3) demonstrate that he has not engaged in intentionally dilatory litigation tactics. See Rhines v. Weber, 544 U.S. 269, 278 (2005).

Accordingly, (1) Petitioner's Motion for Stay of Proceedings (Dkt. No. 17) is DENIED; (2) Petitioner's Motion for the Appointment of Counsel (Dkt. No. 15) is DENIED; (3) the Report and Recommendation of the Magistrate Judge (Dkt. No. 14) is adopted; and (4) Respondent's Motion to Dismiss (Dkt. No. 10) is DENIED.

IT IS SO ORDERED this 11th day of March, 2019.

ROBIN J. CAUTHRON
United States District Judge